[No. 27940. Department Two. April 4, 1940.]

THE STATE OF WASHINGTON, *on the Relation of Northeast Transportation Company et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Donald A. McDonald, Judge, et al., Respondents.*[1]

[1] Reported in 101 P. (2d) 303.

*Rummens & Griffin* and *Frank E. Hammond,* for relators.

*Albert M. Franco,* for respondents.

BLAKE, C. J.—This is an application for a writ of mandamus or, in the alternative, prohibition, which again presents the issue as to the voting rights in stock of Northeast Transportation Company.

Since comprehensive statements of the controversy may be found in the decisions of this court in *State ex rel. Lidral v. Superior Court,* 198 Wash. 610, 89 P. (2d) 501, and in *State ex rel. Johnson v. Heap,* 1 Wn. (2d) 316, 95 P. (2d) 1039, only such facts will be stated here as may be necessary to dispose of the legal questions raised on this application.

This application involves the identical action, in the nature of *quo warranto,* pending in the superior court of King county as was involved in the former of the above cited cases. After the remittitur went down in the *Lidral* case, the plaintiffs in the *quo warranto* proceedings amended their complaint, bringing in Lidral and others as parties defendant and also joining other parties as plaintiffs. The purpose in amending the complaint was to bring in all parties claiming adverse voting rights in stock of the Northeast Transportation Company.

It is the contention of the relators here that the writ of prohibition issued in the *Lidral* case precludes

the superior court from entertaining any further jurisdiction of the *quo warranto* proceedings. In taking this position, relators, we think, misapprehend the scope of the decision in the *Lidral* case. All that was then decided was that the right to vote stock standing in Lidral's name could not be adjudicated adversely to him in any action to which he was not a party. That was the only issue presented and the only issue decided. The decision did not effect a dismissal of the *quo warranto* proceedings nor circumscribe the superior court's jurisdiction of the cause. It left the superior court free to bring in Lidral and such other parties as might be necessary to determine who had the right to vote the stock at the time of the annual meeting of January 31, 1939, at which directors were elected. Now that Lidral has been made a party, the writ of prohibition granted on his former application has spent its force.

Another question is raised by relators which should be briefly noticed. It is called to our attention that, on January 31, 1940, an election of a new board of directors was had, and that the issue in the *quo warranto* proceedings as to who were entitled to be directors in 1939 has become moot. The determination of this question is within the jurisdiction of the superior court, and its ruling is subject to review by this court upon appeal from the final judgment which may be entered in the *quo warranto* proceedings. It is not an issue to be determined in this court upon an orginal application for a writ of prohibition or mandamus.

It is also contended by relators that the action in the superior court has been converted from one in the nature of *quo warranto* to one for trial of title to the stock of the corporation. Whether this be so and whether the character of the action can be so changed,

370

are matters within the jurisdiction of the trial court and are subject to review on appeal from the final judgment which may be entered in that cause.

Writ denied.

BEALS, GERAGHTY, and JEFFERS, JJ., concur.

STEINERT, J., dissents.

[1]Reported in 101 P. (2d) 304.